UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| ERNESTO ROCHA, | ) </br> ) |
| Plaintiff, | ) </br> ) </br> ) |
| v. | ) C.A. No. 1:16-CV-00600-MSM-LDA </br> ) |
| WELLS FARGO BANK, N.A., d/b/a </br> WELLS FARGO HOME </br> MORTGAGE, et al. | ) </br> ) </br> ) </br> ) |
| Defendants. | ) </br> ) </br> ) |

## ORDER

Mary S. McElroy, United States District Judge.

Before the Court is the Motion for Summary Judgment of the defendants, Wells Fargo Bank, N.A. a/b/a Wells Fargo Home Mortgage d/b/a America's Servicing Company ("Wells Fargo") and U.S. Bank National Association as Trustee, for Residential Asset Securities Corporation, Home Equity Mortgage Asset-Back Pass-Through Certificates, Series 2006-EMX1 ("U.S. Bank") (collectively "defendants"). (ECF No. 88.)

In 2005, the plaintiff, Ernesto Rocha, purchased a home at 63 Nellie Street, Providence, Rhode Island, which he financed by mortgage loans from Wells Fargo. In 2008, the plaintiff's mortgages went into arrears and, in 2009, he sought Chapter 13 bankruptcy protection in the United States Bankruptcy Court for the District of Rhode Island. The bankruptcy court confirmed a Chapter 13 plan under which the

1

plaintiff's mortgage loans were reduced and required the plaintiff to make certain payments, which the plaintiff made. On April 6, 2015, the plaintiff obtained a discharge order from the bankruptcy court.

The plaintiff asserts that Wells Fargo beached the mortgage agreement by failing to pay property taxes on his home to the City of Providence, resulting in tax sales that required him to redeem the home three times. In addition, he avers that Wells Fargo imposed late fees after the discharge order and misapplied his payments made during bankruptcy.

Ultimately, the plaintiff, believing that his mortgage had been paid in full, stopped making payments. Wells Fargo issued a notice of foreclosure sale, prompting the plaintiff to file the instant suit.

The Court previously dismissed several of the plaintiff's claims (ECF No. 53), allowing to proceed only those portions of his breach of contract claim (Count I) that alleged misuse of escrow funds resulting in a tax sale and misapplication of payments made in bankruptcy. The defendant now moves for summary judgment on those remaining claims.

For the following reasons, the Court GRANTS IN PART and DENIES IN PART the defendants' Motion for Summary Judgment.

## DISCUSSION

Summary judgment can be granted only when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and the moving party is entitled

to judgment as a matter of law." Fed. R. Civ. P. 56.

The plaintiff's remaining claims are for breach of contract. "To succeed on a breach of contract claim under Rhode Island law, a plaintiff must prove that (1) an agreement existed between the parties, (2) the defendant breached the agreement, and (3) the breach caused (4) damages to the plaintiff." *Barkan v. Dunkin' Donuts, Inc.*, 627 F.3d 34, 39 (1st Cir. 2010).

### A. Failure to Pay Real Estate Taxes

The authenticated, admissible evidence demonstrates that, contrary to the plaintiff's assertions, Wells Fargo (and not the plaintiff or some third party) made the redemption property tax payments to the City of Providence during the pendency of his bankruptcy case. For instance, Wells Fargo's business records indicate that it provided to the City a check for $8,377.76 on June 13, 2012. (ECF No.104-1 at 12.) The City's records correspondingly indicate "Redeemed-6/15/11 Tax Sale" and "Redeemed on 6/15/2012 by Well Fargo(YT)." (ECF No. 104-2 at 62, 71.) Additionally, Wells Fargo's records note a payment of $4,045.22, issued on June 13, 2012. (ECF No. 104-1 at 12.) The City's records indicate a payment received in that amount and, while its records note a payor other than Wells Fargo, the check number matches that indicated on Wells Fargo's records. (ECF No. 104-2 at 8.)

Because the plaintiff has not presented any admissible evidence to properly refute that Wells Fargo made these payments, there is no genuine issue of material fact and summary judgment must be granted. *See* Fed. R. Civ. P. 56.

### B. Misapplied Funds

The plaintiff asserts that the defendants did not properly apply his payments to his account after the conclusion of his bankruptcy.

Under the plaintiff's Chapter 13 plan, he was obligated to make three types of post-petition mortgage payments. First, the plaintiff was required to make monthly installment payments directly to the defendants to "maintain" his mortgage. (ECF No. 89-3.) Second, the plaintiff was obligated to pay the Chapter 13 Trustee $24,755.88 in pre-petition mortgage arrearage (which payments the Trustee sent to the defendants). *Id.* Third, the plaintiff had to pay the Chapter 13 Trustee for unsecured claims (from which, the defendants were paid a small percentage). *Id.* After the plaintiff completed his plan payments (including obtaining a discharge), the defendants "crammed down" the mortgage's principal balance to $145,000.00 – and then applied the post-petition payments retrospectively according to the terms of the mortgage (with the vast majority of payments applied to interest). (ECF No. 89 ¶14.) The plaintiff's February 10, 2016, mortgage statement demonstrates that by that time, the plaintiff's account was ultimately reconciled and properly updated to reflect his payments.

The parties seem to agree that the defendants had a reasonable time after the bankruptcy court's discharge order (April 6, 2015) to correctly update the plaintiff's account. Naturally, they disagree whether the time between the discharge order and the defendants' having done so by February 10, 2016, was, in fact, reasonable. It is the defendants' contention that the "complexity and ambiguity" of the Chapter 13

plan required that amount of time.

Because a jury could reasonably differ on whether the defendants' actions were reasonable under the circumstances, summary judgment on this issue is inappropriate. *See Dunn v. Trustees of Boston Univ.*, 761 F.3d 63, 68 (1st Cir. 2014) ("A dispute is genuine if the evidence about the fact is such that a reasonable jury could resolve the point in favor of the non-moving party.").

### C. Improper Late Fees

The plaintiff asserts that he made a $637.35 payment for late charges in 2015 after his bankruptcy closed and in violation of the bankruptcy court's discharge order. Upon review, however, it becomes clear that these late fees accrued before he filed his bankruptcy matter. Indeed, Wells Fargo included these fees on its proof of claim in the bankruptcy court. (ECF 95-2 at 26.) After the plaintiff obtained a discharge on April 6, 2015, Wells Fargo processed the payments made during his bankruptcy case. As such, these were not charges assessed after the entry of the bankruptcy discharge. (ECF No. 89-1 at 23.)

## CONCLUSION

For the forgoing reasons, the defendants' Motion for Summary Judgment (ECF No. 88) is GRANTED with respect to the plaintiff's claims that the defendants breached the contract by failing to pay property taxes and imposed improper late fees. The Motion is DENIED regarding the plaintiff's claims that the defendants misapplied his payments made in bankruptcy.

IT IS SO ORDERED.

_____
Mary S. McElroy
United States District Judge
March 30, 2022